MUNSON v. THE MAYOR, ETC., OF NEW YORK.

*(Circuit Court, S. D. New York.   June 15, 1880.)*

1. PATENT No. 63,419—PATENTABILITY.—A bond and coupon register, in the form of a book, is a legal subject for a patent.

2. INFRINGEMENT—LIABILITY OF A CITY.—A city is liable in its corporate capacity for the infringement of a patent.
   *Allen* v. *The Mayor,* C. C. S. D. N. Y., followed.

In Equity.
*Royal S. Crane,* for plaintiff.
*Frederick H. Betts,* for defendant.

WHEELER, D. J.   This suit is upon a patent to the plaintiff, numbered 63,419, and dated April 2, 1867, for a bond and coupon register.   The defendant sets up and insists that this register is not a subject for a patent within the law; that the invention was tendered to and used by William E. Warren and John O'Brien before the plaintiff's invention; and that it is not liable for the infringement shown.

The principal argument upon the first point rests upon the claim that the register should have been copyrighted instead of being patented, and *Drury* v. *Ewing,* 1 Bond, 540, is much relied upon to support that proposition.   A copyright is a right to copy merely, as the word imports, and covers only the multiplication of copies.   *Perris* v. *Hexamer,* 99 U. S. 674; *Baker* v. *Selden,* S. C. U. S., Oct. 7, 1879, Alb. Law J., Feb. 28, 1880, p. 168.   The plaintiff's invention is of a book with a page, or pages, spaced for each bond and its coupons of any series of coupon bonds, and with the spaces numbered and designated to show what bonds and coupons they are for, while any of them are outstanding, and for receiving them for safe-keeping as vouchers, or memoranda, when any of them are taken up or paid.   The plan is the same for registers for different bonds of a series, and for different series of bonds, but the registers are not copies of one another, and the right to multiply copies would afford no protection at all.

In *Drury* v. *Ewing* there might be multiplication of copies

of the charts.    That case is distinguished **and** commented on in *Baker* v. *Selden*.    Here the principle of the invention is embodied in each register, as the principle of a machine is embodied in each machine.    There is no difference because the contrivance is in the form of a book, although books are commonly copyrighted.    *Hawes* v. *Washburn*, 5 O. G. 491. The evidence shows that Warren and O'Brien made use of similar arrangements for the same purpose before the plaintiff invented his, but not that either of them is the same as his.    Neither of them had any spaces for the bonds themselves.    Warren had spaces on the same page for each coupon of the same number throughout the whole series of bonds, necessitating looking through as many pages as there were coupons to find all the coupons of any bond; the plaintiff has all the coupons of each bond and the bond together. Warren had as many pages as coupons; the plaintiff as many as bonds.    It is not quite clear, from the evidence, what O'Brien's exact plan was.    He says: "The pages were ruled to a sufficient extent to have posted in the coupons that were due each six months."    This would be more like Warren's plan than the plaintiff's.    The proof is abundant that the invention is useful, and that the defendant's officers make use of it for the bonds of the city.    That the city is liable, in its corporate capacity, for such an infringement, has been considered and decided in *Allen* v. *The Mayor*, *etc.*, in this district.

Let there be a decree for injunction and an account, according to the prayer of the bill, with costs.