**FLINT et al. v. G. R. LEONARD & CO. et al.**

Circuit Court of Appeals, Seventh Circuit.
July 6, 1928.

No. 3991.

**1. Patents ⬤⟳16—It is not for result, but for discovery or invention of patentable means of producing result, that patents are granted.**

It is not for the result or effect, but for the discovery or invention of some patentable method or means of producing a beneficial result or effect, that letters patent are granted.

**2. Patents ⬤⟳23—Person combining parcel post and express guide in more convenient and economical form held not entitled to patent.**

Person combining and rearranging official lists affecting parcel post and express rates between various points, and producing a more convenient and economical result, *held* nevertheless not entitled to patent.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by Charles W. Flint and another against G. R. Leonard & Co. and another. From a decree of dismissal, plaintiffs appeal. Affirmed.

Joshua R. H. Potts, of Chicago, Ill., for appellants.

W. F. Freudenreich, of Chicago, Ill., for appellees.

Before ALSCHULER and ANDERSON, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge. The appeal in this case challenges the correctness of a decree of the District Court dismissing for want of equity a bill charging the infringement of certain claims of letters patent of the United States marked "reissue No. 15,687," the original letters patent being No. 1,420,828.

[1, 2] The patent in suit relates to a reference guide showing comparative parcel post and express rates, by which a shipper by parcel post or express may determine the respective rates applying, and may make instant and direct comparison of same to determine which of the two services—i. e., parcel post or express—is the cheaper, where both services are available to him.

Appellant Charles W. Flint claims to be the original inventor, and the letters patent, both the original and the reissue, were issued to him; the former, No. 1,420,828, under date of June 27, 1922, which were afterwards surrendered by him to the Commissioner of Patents, and the latter, reissue No. 15,687, under date of September 18, 1923. Certain rights and interests in these letters patent have been duly transferred, assigned and set over to appellant the Shippers' Guide Company, a corporation. Appellants Charles W. Flint and the Shippers' Guide Company, a corporation, now own the entire right, title, and interest, both legal and equitable, in these letters patent.

Twelve claims are in issue, typical of which is claim No. 5, as follows:

"5. A book made up of primary leaves each containing names of places combined with absolute location characters based upon established parcel post unit of area and express block systems indicating the positions of said places geographically, secondary leaves each of which contains a table translating certain of said parcel post and express absolute location characters into relative shipping distances from a given shipping center, and each of said secondary leaves also containing a table translating the corresponding aforesaid relative shipping distances into shipping rates."

In their answer appellees have interposed several defenses, among which are: (1) Ap-

pellees have not manufactured or sold in the past, and do not intend to manufacture or sell in the future, any guide or other thing that is an infringement on any patent owned by the appellants, or either of them; (2) the patentee was not the original and first inventor or discoverer; (3) the thing patented was in public use and on sale in this country for more than two years prior to the supposed invention or discovery thereof by appellant Flint; (4) want of invention in view of the prior art; and (5) the thing patented was in public use and on sale in this country for more than two years prior to the application for the patent.

In the final decree entered by the District Court, it was adjudged that the claims above enumerated were invalid, and that neither of the appellees had infringed any claim of the Charles W. Flint patent in suit, if any such claims are construed so as to be valid. The District Court, therefore, dismissed the bill for want of equity.

It is not contended on the part of appellant Flint that comparative rate guides were new at the time he made the invention disclosed by the patent in suit. Neither is it contended that Flint was the inventor of comparative rate guides. It is contended, however, that Flint's contribution to the comparative rate guide art was the construction of a comparative rate guide that could be readily adapted for use from any shipping center, that is, a universal guide. Prior to Flint's alleged invention, in order to adapt a comparative rate guide for use from a new shipping point, an entirely new book had to be compiled and printed. Thus, in the opinion of appellant Flint, the expense of printing parcel post and express rate guides, before his alleged invention, was so high that it was impractical to supply them to any except large cities. A universal guide, on the other hand, made in accordance with the alleged invention of the patent in suit, made it possible, in the opinion of appellant Flint, to supply any given point with a guide by reprinting approximately 50 pages of the old book and at a comparatively small expense.

The main contention of appellants is that a great saving in money is effected to the subscriber by the use of the alleged invention, and that many small cities or towns are thus supplied with rate guides that otherwise would not be so supplied. Although this may be true, it does not necessarily follow that appellants own anything which is patentable. The question is whether reference guides, showing comparative parcel post and express rates claimed to have been invented by appel-

lant Flint, do, in fact, contain patentable invention and are new to the art, or whether they are simply a compilation of information contained in previously printed rate books, both parcel post and express, and so arranged by appellant Flint as to be easily accessible to the shipper, and thus to be economical, in that they may be printed at a comparatively low cost.

For parcel post rate-making purposes, the United States is divided by the postal authorities into approximately 4,000 squares, called "units of area," each bearing a number. For express rate-making purposes, the United States is divided by the Interstate Commerce Commission into approximately 1,000 blocks, each corresponding to four "units of area." The United States publishes an Official Postal Guide, in which is listed every post office in the United States, the "unit of area" number in which it is located following each name. The Interstate Commerce Commission publishes lists of express offices, grouped by states, the proper sub-block and letter in which each is located following the name of such office.

Without going into further detail to describe these publications, it is sufficient to say that they contain all the information concerning rates found in the guide published by appellants. However, appellants combine such books and insert therein "secondary leaves, each of which contains a table translating certain of said parcel post and express absolute location characters into relative shipping distances from a given shipping center, and each of said secondary leaves also containing a table translating the corresponding aforesaid relative shipping distances into shipping rates." This assists a shipper to ascertain easily the rate, either by parcel post or express, from the desired shipping point to any place in the United States, and to determine which rate is the cheaper, thereby enabling him to decide whether to use parcel post or express for any shipment he may desire to make.

The law is well settled that it is not for the result or effect itself, but that it is for the discovery or invention of some patentable method or means of producing a beneficial result or effect that letters patent are granted. Corning v. Burden, 15 How. 252, 14 L. Ed. 683; Guthrie v. Curlett et al. (C. C. A.) 10 F.(2d) 725. The book published by appellants may be economical, as a means of saving labor in ascertaining any desired information contained therein, and in the saving of money in the printing thereof, but it does not contain the elements necessary to bring it within the scope of a patentable invention.

The decree of the District Court, dismissing the bill, is therefore affirmed.