## In re RUSSELL.
### Patent Appeal No. 2673.

Court of Customs and Patent Appeals.
April 15, 1931.

Robt. E. Barry and D. P. Wolhaupter, both of Washington D. C. (Seymour & Bright, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, Nos. 6 and 7, in appellant's application for a patent for an alleged invention relating to improvements in indexes, particularly to the indexing of names in directories, and is claimed to be applicable to dictionaries, etc.

The method of arranging and grouping the names is sufficiently set out in the involved claims. They read:

"6. A directory comprising a part in which surnames are arranged phonetically with the given names of the respective surnames arranged otherwise than phonetically, and another part in which the surnames are arranged otherwise than phonetically with reference to the section in the first-mentioned part where surnames are arranged phonetically.

"7. A directory comprising a part in which surnames are arranged in groups phonetically with the given names of the respective surnames arranged alphabetically and a second part in which surnames are arranged in columns alphabetically with references to the pages in the first-mentioned part where surnames are arranged phonetically, the several columns of the second part having at their heads designations of the range of surnames in the respective columns."

It is claimed by appellant that his alleged invention facilitates the finding of names in directories and the like; and that it comprises "finished tangible subject matter bearing specifically arranged data or means, combined to produce a novel result."

It may be observed, however, that the

only matter claimed to be new is the alleged novel arrangement of names.

The mere arrangement of printed matter on a sheet or sheets of paper, in book form or otherwise, does not constitute "any new and useful art, machine, manufacture, or composition of matter," or "any new and useful improvements thereof," as provided in section 4886 of the Revised Statutes, 35 USCA § 31. Guthrie v. Curlett et al. (C. C. A.) 10 F.(2d) 725; Flint et al. v. Leonard & Co. (C. C. A.) 27 F.(2d) 215; In re Dixon, 44 F.(2d) 881, 18 C. C. P. A. ——, and cases therein cited.

It is contended by counsel for appellant that the decision in the case of Cincinnati Traction Co. v. Pope (C. C. A.) 210 F. 443, 446, supports his contention that the involved claims present patentable subject-matter.

In that case, the Circuit Court of Appeals, Sixth Circuit, held that so-called transfer tickets for use by street railway traction companies, etc., involved patentable subject-matter, and, in its decision, referred to the case of Rand, McNally & Co. v. Exchange Scrip-Book Co. (C. C. A.) 187 F. 984, also relied upon by counsel for appellant in this case. The court, however, did not hold that the mere arrangement of the printed text constituted patentable subject-matter, but, on the contrary, based its decision upon the patentable novelty of the physical structure of the tickets, and, in this connection, said:

"The specifications describe a distinctive physical structure, viz., a given combination and general arrangement of body and coupon (with the suggestion that the two parts may be printed in different colors), accompanied by 'conventional indications' and instructions for the use and interpretation of the ticket. *But the alleged patentable novelty does not reside in the arrangement of the printed text, nor does such text constitute merely a printed agreement.*" (Italics ours.)

It is not claimed in the case at bar that appellant has invented a new physical structure or a method of producing it. It is contended, however, that his alleged novel arrangement of names in directories and dictionaries is patentable subject-matter.

The issues at bar are clearly distinguishable from those involved in the Cincinnati Traction Co. Case, supra, and other cases relied upon by counsel for appellant.

The decision is affirmed.

Affirmed.