## In re REEVES.
## Patent Appeal No. 2999.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

Parker & Prochnow, of Buffalo, N. Y. (Charles W. Parker and Max D. Farmer, both of Buffalo, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant appeals to this court from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, who refused to allow appellant's two claims, being all of the claims in appellant's application for patent.

The nature of the alleged invention is described in appellant's brief as follows:

"The claims are drawn to a valuation chart intended for use in appraising buildings. The chart carries designations representing characteristics of buildings, with check spaces adjacent each item, and the various items are grouped according to classes. Each vertical column of items includes such characteristics as may be expected in buildings of a particular class. In the use of the charts, the building to be appraised is inspected and the characteristics or construction details or items of the building are checked off on the classification chart by plac-

ing check marks opposite those items. After the items of a building have been checked off on the chart, it is readily apparent from an inspection of the chart that the particular building has a predominating number of characteristics found in a particular class or column, which indicates directly the class of buildings in which that particular building should be classified, and since the average cost of reproduction of such buildings of each particular class is known, this classification gives a starting point for determining the value of the building. The extent of check marks in the other classes or columns on those items which distinguish from the items in the particular class in which the building falls by reason of the predominating number of check marks, indicates directly the extent to which this particular building differs from the other average buildings of that class. Hence, by an inspection of the chart for any building it can be ascertained whether such distinctions in the other items checked tend to place the building in a higher or a lower class, thereby enabling the appraiser to know whether to add to or subtract from the average cost of the building of that class in which the building is placed, amounts determined by the differences which that particular building has from the average building of that class in which it falls."

Claim 2 is illustrative and reads:

"2. A valuation chart for buildings comprising a record sheet having details of building constructions arranged in groups designated by classes, each class having listed thereunder the details of building construction frequently found in buildings of that class, and the details being arranged similarly in order in all the classes, whereby when the details of construction of a building to be valued are checked on the record sheet under the nearest approximated classes, the preponderance of checks in any class group will directly indicate the class of buildings to which that particular building belongs and the checks missing in that class group or found in the groups of the other classes will indicate directly the extent to which that building being valued differs from the usual run of buildings of that class."

The examiner held that under the decisions of Guthrie v. Curlett et al. (C. C. A.) 10 F.(2d) 725, 726, and Flint v. G. R. Leonard & Co. (C. C. A.) 27 F.(2d) 215, appellant's disclosure showed no invention within the scope of devices intended to be patented under the patent laws.

The Board of Appeals said:

"We see nothing inventive in this grouping of characteristics which the applicant has adopted, and therefore deem the claims clearly unpatentable in view of the decisions relied upon by the examiner."

The appellant relies upon the following decisions: Cincinnati Traction Co. v. Pope (C. C. A.) 210 F. 443; Benjamin Menu Card Co. v. Rand, McNally & Co. et al. (C. C.) 210 F. 285; Rand, McNally & Co. v. Exchange Scrip-Book Co. (C. C. A.) 187 F. 984; Munson v. Mayor, etc., of New York (C. C.) 3 F. 338.

Appellant argues here that his disclosure shows invention of the same character as that which was shown by the claims sustained by the courts in the Cincinnati Traction Co. Case and in the other cases relied upon by him.

The Cincinnati Traction Co. Case, supra, insolved a street railway transfer ticket having tabulations of information thereon and a coupon which could be detached in certain instances in order to convey certain information.

The Benjamin Menu Card Co. Case, supra, held the claims of a patent valid, which patent was granted for a menu card, so arranged that use by a guest would change its form.

In the Rand, McNally & Co. v. Exchange Scrip-Book Co. Case, supra, the patentable subject-matter consisted of a railroad ticket having a series of coupons to be detached and exchanged at ticket offices for passage tickets and having stubs with specified information thereon.

We agree with the Board of Appeals that appellant's disclosure shows nothing inventive within the meaning of the patent law. It is not a new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof. Guthrie v. Curlett et al., supra, and Flint v. Leonard, supra.

It was said in Guthrie v. Curlett et al., supra, that: " * * * We believe that it discloses an art, which, if it be novel, is not the kind of art protected by the patent acts."

In discussing the holding of the court in Cincinnati Traction Co. v. Pope, supra, this court in Re Russell, 48 F.(2d) 668, 669, 18 C. C. P. A. 1184, said: "The court, however, did not hold that the mere arrangement of the printed text constituted patentable subject-matter, but, on the contrary, based its decision upon the patentable novelty of the physical structure of the tickets. * * * "

See, also, In re Dixon, 44 F.(2d) 881, 18 C. C. P. A. 711, In re Clark, 58 F.(2d) 455, 19 C. C. P. A. 1166, and In re Malcolm, 56 F.(2d) 876, 19 C. C. P. A. 1097.

It seems to be settled patent law that invention cannot rest alone in novel printing arrangement, although it may reside in some physical structures of printed matter.

The decision of the Board of Appeals is affirmed.

Affirmed.