## In re McKEE.
### Patent Appeal No. 3109.

Court of Customs and Patent Appeals.
April 24, 1933.

Roy W. Johns, of Chicago, Ill. (Harry F. Riley, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner in the United States Patent Office rejected all the claims of appellant's application for a patent for improvement in meat products and the method of marking same. The Board of Appeals affirmed the action of the Examiner, and, from the decision of the Board, appeal is taken here.

Claims 3, 9, 10, 11, and 12 are drawn to cover an article namely, a piece of meat bearing a series of identifying marks arranged in a certain manner for the purpose of identifying the meat. Claims 5, 6, 7, 8, 13, 14, 15, 16, and 17 are directed to the method of marking the meat. Claims 3, 6, and 17 are illustrative, and read:

"3. A principal cut of meat bearing a series of identifying marks in relatively close spaced relation and having their longitudinal axes arranged substantially parallel to the planes in which said meat is to be subdivided in forming minor cuts of meat for purchasers."

"6. The method of making a meat product which consists in forming a major cut or carcass of meat and then applying to the fatty surface thereof a series of repetitions of the brand of the manufacturer arranged in a row."

"17. The method of marking meat which consists in causing the points of a series of needles to contact successively with an ink supply and thereafter to penetrate successively successive portions of the meat surface and thereby deposit ink at the points of penetration."

The references relied upon are: Conway, 996,004, June 20, 1911; Waite, 1,188,588, June 27, 1916; Golding, 1,481,864, January 29, 1924; Fiedler, 1,704,124, March 5, 1929; Patton, 1,712,518, May 14, 1929; Naylor, 1,699,012, January 15, 1929.

The claims were rejected upon two grounds: First, for the reason that there was nothing new or inventive about putting marks upon meat for the purpose of identification, and that appellant's marking is old in the art; second, that the marking of meat for such purpose does not come within the purview of the patent statute.

Appellant's method of marking meat consists of marking a major cut of beef with the name of the producer, or some other name indicating origin, in relatively close spaced relation so that, when a steak or piece is cut from the main cut, the identifying mark will be on the portion cut off. While the claims, except claims 7, 8, and 17, do not call for any particular means of marking, appellant's drawing shows the words "Swift's Premium" with the word "Swift's" being placed immediately above "Premium," and each letter made by a small needle perforation of the meat, the perforation containing some coloring matter. The particular method of marking covered by claims 7, 8, and 17 is not inventive over the prior art cited. It is stated by counsel for appellant in argument that the machinery for making such markings operates so that needles work upon rollers and that the same is patented.

We do not regard it as necessary to discuss all the references, several of which show the manner of marking various articles by a series of marks.

The patent to Patton is for marking sole leather. One of the purposes of the marking in Patton was to place the trade-name or the firm's name upon the leather in such repeated order that when any considerable portion of the leather was cut off, the trade-name would appear thereon.

The patent to Conway is for a device for stamping or marking meats. The stamp is made up in part of pins fastened to a disk with a handle on it. The pins are so arranged that when they perforate the meat, colored

marks, letters or words made by dots appear and serve the purpose of identifying the meat.

The Board said:

"Several references are cited to indicate the marking of various articles with a series of marks. Of these the patent to Patton for marking sole leather may be taken as an example. This patent discloses markings placed in series over the surface of sole leather so that however the leather may be cut up, the manufacturer's name will appear. This patent also discloses that heretofore it has been customary for manufacturers to cover sole leather with a repetition of the trade name in parallel lines or columns.

"The patent to Conway shows a stamping mechanism for marking meat by means of pins inked to leave the mark of the design on the meat. The patent to Naylor discloses a similar marker to be applied to stock or poultry.

"In view of these patents as examples of those cited, it is not apparent that there would be anything patentable in applying the markings of Conway or Naylor in rows or parallel lines or in any desired arrangement on a cut of meat so that each piece when the cut is subdivided would bear the mark of the manufacturer. Nor would there be anything patentable in the article bearing the mark or series of marks. * * *

"We are of the view that insofar as the mere markings of the meat are concerned they do not come within the statutory classes of invention and for the reasons pointed out we do not consider that any of the claims are patentable over the art of record."

We agree with the Board of Appeals in both of its grounds of rejection.

Appellant in this court has discussed many authorities. Among them is In re Dixon, 44 F.(2d) 881, 18 C. C. P. A. 711. We there held that a promissory note with an attorney's fee clause and a declaration of lien written thereon was not the proper subject-matter for a patent under the patent statute and did not constitute a new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof.

In Re Russell, 48 F.(2d) 668, 18 C. C. P. A. 1184, the court had under consideration a directory in which surnames were arranged phonetically and in which there was a provision for another arrangement for the given names. We held that the mere arrangement of printed matter on a sheet or sheets of paper did not constitute patentable subject-matter.

In Re Reeves, 62 F.(2d) 199, 20 C. C. P. A. ——, this court held a chart listing the characteristics of real estate in such manner as to expedite real estate assessments, etc., not to be the proper subject-matter for a patent. We said there that patentability could not rest alone in novel printing arrangement.

To the same effect was our holding in respect to a duplicate postcard order and want book, In re Clark, 58 F.(2d) 455, 19 C. C. P. A. 1166. See In re Malcolm, 56 F.(2d) 876, 19 C. C. P. A. 1097, which involved a system of writing music.

In oral argument and in brief counsel has urged that under the case of Cincinnati Traction Company v. Pope (C. C. A.) 210 F. 443, his claims should be allowed. That case is quite a famous one and may be said to be the leading case in this field. The patent involved a railway ticket comprising a body portion and a coupon, the ticket bearing conventional indications showing that the body alone was good at one time of the day and that the body and the coupon were required for the other portion of the day. The court there held that the device of the patent clearly involved physical structure and that the claims were limited to such structure.

We see nothing more in appellant's alleged invention than the arrangement of printed matter upon meat. We are not impressed with the contention that the Cincinnati Traction Company Case, supra, is authority for sustaining appellant's contention. On the contrary, the case is easily distinguishable from the case at bar. There the material upon which the printing appeared had a novel form, which form served a new and useful purpose. In the case at bar, the form of the meat is not in any respect made to depend upon the printing arrangement.

We think the Board of Appeals properly affirmed the Examiner's rejection of the claims, and the decision of the Board is affirmed.

Affirmed.