**CONOVER v. COE, Com'r of Patents.**

**No. 6799.**

United States Court of Appeals for the District of Columbia.

Argued April 8, 1938.

Decided July 18, 1938.

William S. Hodges, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

GRONER, C. J.

Appellant filed his bill in the court below under R.S. 4915, 35 U.S.C. § 63, 35 U.S.C. A. § 63, to obtain a decree authorizing the Commissioner of Patents to issue letters patent for a coupon transfer ticket for use on street railways. The application was rejected in the Patent Office. The finding of the Board of Appeals was that the claims were unpatentable over prior patents to Hoffner (No. 1,029,293—June 11, 1912) and Laurier (No. 1,408,523—March 7, 1922). Four claims are involved, of which one is fairly illustrative (Number 24) and reads as follows:

"A transfer ticket including a body portion and a row of detachably connected portions; such body portion bearing a designation of the issuing line, direction of operation of a vehicle from which the transfer ticket is designed to be issued and data of horological significance; each of such detachably connected portions being imprinted to designate a locality along said designated issuing line; said imprinted portions being physically arranged in an order or sequence, away from the body portion, corresponding to the sequence of the corresponding localities from the terminus of origin of the issuing vehicle."

The transfer ticket involved in appellant's alleged invention consists of a body and detachable coupons. The body portion

contains printed data indicating issuing line, the date, the time, and direction of operation of the car. The coupons bear notations to indicate localities or zones successively traversed by the car during travel along the issuing line and are arranged in geographical order of such travel. When the passenger gets the transfer, the last remaining coupon indicates the locality at which he entered the car, and on the transfer is wording to the effect that it is not good for passage in a direction opposite to that of the issuing car unless such passage is a necessary part of the shortest route of travel from starting point to destination. The main purpose, of course, is to prevent a passenger from traveling by an indirect route to destination, or from attempting to make a roundtrip, or from obtaining two rides for a single fare.

The lower court dismissed the bill. It also held that the claims were anticipated by Hoffner and to some extent by Laurier.

The Hoffner patent involves also a street railway passenger transfer. It shows a body portion with the name of the carrier, the date, and the hour issued. It consists with the body portion of a number of detachable coupons designating the transfer point along the line of railway. The manner of use apparently is that the passenger gets the transfer ticket when he notifies the conductor at which point he desires to transfer. The last coupon on the transfer ticket given to the passenger designates the point where he may transfer. The conductor retains the remaining portion with only coupons on it. Hoffner describes its use as follows:

"When issuing a transfer to a passenger, the conductor ascertains the line over which the passenger desires to continue his trip. He then severs the transfer on the division line D directly above the space bearing the name of the line to which the transfer is to be issued; thus showing that the line noted in the space at the top of the transfer or passenger's portion of the ticket denotes the line over which the trip may be continued and as the point at which the transfer is to be made is noted in the same space, it is always easy for the passenger to ascertain whether the transfer has been correctly issued."

Laurier's patent is cited by the Patent Office to indicate that it was not new to punch a coupon or ticket to show the point at which a passenger boards a car.

The trial judge held that the Hoffner transfer, like appellant's, is designed for use by street railways; that its structure is identical with that of appellant; that it differs only in the manner of use; that given the same rules and regulations and with a simple rearrangement of printed matter the Hoffner patent would indicate zones of origin of passenger traffic and as thus rearranged would be identical in all respects with appellant's transfer. In other words, that the two are alike in physical structure and that the difference is in manner of use brought about by the arrangment of the printed matter on the coupons. Appellant says that the only relevance of the Hoffner ticket is that it shows that there is nothing new in a multi-coupon ticket or in the mode of use involved in issuing a whole or a part only of a ticket. It is not the mode of use, counsel insists, which is the subject of appellant's application, but the structural differences which are matters of substance and not merely matters of form. On this theory counsel says that appellant's transfer contains the same principles of patentability as were declared by the Sixth Circuit Court of Appeals in Cincinnati Traction Co. v. Pope, 210 F. 443.

That was a case in which a patent to Pope for a transfer ticket was sustained. The Pope transfer ticket consisted of a body portion and a coupon. If the coupon was detached, the transfer was good only in the forenoon; if not detached, the transfer was valid between noon and midnight. The patent was assailed as relating merely to "a method of transacting business, a form of contract, a mode of procedure, a rule of conduct, principle or idea, or a permissive function, predicated upon a thing involving no structural law". The Sixth Circuit rejected this contention and held that the Pope transfer had physical characteristics which enabled it to be distinguished from any other transfer ticket. The ground upon which the decision rested, as has been indicated above, was that the patent involved physical structure, and it was held that Ham's patent, on the contrary, did not have what the court describes as "the fundamental structure of Pope's device". Describing the Pope patent, the court said (page 446):

" * * * the alleged patentable novelty does not reside in the arrangement of the printed text, nor does such text constitute merely a printed agreement. The argument to that effect overlooks the important consideration that the body alone is good at one time, and that the body and

coupon are required for the other portion of the day; and that the ticket bears on its face, whether the body is used alone or with the coupon, the distinguishing indications. * * * The specifications do not confine the construction to either the style, or printed arrangement or language of the legends."

On the question of infringement the court thought that the Pope device differed from the Ham device in that in the case of the latter there could be no complete transfer ticket for one part of the day when a body portion is used separately and a complete transfer ticket for another part of the day when a body portion and coupon are used together. This difference, the court thought, created structural differences which are matters of substance and not of form.

■ Conceding, for the purposes we have in mind, the validity of this distinction, we think its principle cannot be applied in this case. Here we have a situation in which the Hoffner ticket and appellant's ticket show in general design the same physical structure. Appellant objects to this characterization, on the basis of his claim that patentability lies in the conception of a zone or locality of origin idea, as the result of which the transfer privileges are limited to the shortest route from the starting point to destination, and that this is assured by means of the physical structure of the transfer ticket, namely, because by means of the printing or legends on the transfer, the coupons are arranged in a particular order on the directional ticket,—and that this accomplishes the significance of localities. Apparently this means that the number of detached coupons increases as the car traverses its established route. But we are unable to discover any different peculiar physical structure in this respect between appellant's ticket and Hoffner's ticket. Each transfer, as we have seen, consists of a body portion and a number of detachable coupons. The ultimate purpose is the same in both cases. The method of accomplishing the purpose is largely, if not entirely, a matter of rules and regulations of the issuing company or, in other words, the manner of use. In appellant's transfer the conductor detaches the coupons at the point where the passenger enters the car, whereas in the Hoffner patent the conductor detaches it at the point of departure, which is the point of transfer. As the lower court points out, a passenger with appellant's transfer must board the other car at a place where his journey may be continued by the most direct route to destination, while the same passenger with the Hoffner transfer is required to board the car at the designated transfer point for the purpose also of reaching his destination by the most direct route. We can see nothing physically distinguishing in this arrangement.

■ In our opinion the lower court was correct in thinking that under the same rules and regulations, plus a new arrangement of printed matter, the coupons of Hoffner could just as well be made to indicate zones of origin of traffic, and in such circumstances the passenger could receive a transfer like appellant's both in form and in effect. It is a rule of universal application that an object is not patentable where its novelty consists wholly in an arrangment of printed matter or in a method or system of doing business. In re Sterling, Cust. & Pat.App., 70 F.2d 910. Hoffner's transfer, as it seems to us, could by the use of different printed matter and by a change of rules and regulations be made to correspond precisely with appellant's transfer, both in use and form, and it is a rule of patent law that a patentee is entitled to all the uses of his invention whether known or unknown to him. Potts v. Creager, 155 U.S. 597, 606, 15 S.Ct. 194, 39 L.Ed. 275. Appellant's claim of patentability based on the extensive use of his transfer is entitled to weight only where the question of invention is in doubt. Paramount Publix Corporation v. American Tri-Ergon Corporation, 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997. In the present case we are of the opinion that appellant's transfer is anticipated by Hoffner, in view of the disclosure by Laurier, and that invention is lacking.

The decree is affirmed.

Affirmed.