41 C.C.P.A.(Patents),
### Application of MONTGOMERY.
### Patent Appeal No. 6043.

United States Court of Customs and Patent Appeals.

June 24, 1954.

Everett N. Curtis, San Diego, Cal., and Emory L. Groff, Washington, D. C. (Albert J. Kramer, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

COLE, Judge.

Robert M. Montgomery has appealed here alleging error in a decision of the Board of Appeals of the United States Patent Office in rejecting, for lack of invention over the prior art, claim 9 of his application for a patent relating to detachable washable tags for use in connection with the identification of garments left for cleaning purposes in dry cleaning establishments.

The appealed claim reads as follows:

"9. As an article of manufacture, a pad of identification tags comprising a stack of sheets of paper resistant to the usual deteriorating effect of cleaning compounds, said sheets being bound together at one end thereof, said stack

being relatively long, narrow and thick, each sheet having a plurality of lines of weakness, all the lines of weakness of each sheet being disposed transversely of the sheet and extending from one edge of the sheet to the other and being parallel to each other in consecutive relation from the top of the sheet to the bottom, the weakened lines of each sheet of the stack being in substantial registry with the corresponding weakened lines of the other sheets of the stack, said sheets having a permanent primary identification character reproduced between consecutive pairs of weakened lines which character is common to all the sheets of the stack, each sheet of the stack also having a permanent common secondary identification character between consecutive pairs of weakened lines which differs from the common secondary identification characters of the other sheets of the stack, said secondary identification characters being in a serial relation relative to the order in which the sheets are disposed in the stack."

As is readily apparent from the foregoing, the claim in question defines the physical structure of the pad of washable tags and the arrangement of the identification characters to be used in connection therewith. The pad is composed of separable superimposed sheets having detachable washable tags, the sheets being bound together at one end. It appears from Figure 1 accompanying the appellant's application that approximately eight tags comprise a single sheet. All of the sheets of the pad contain a common primary identification character which serves to identify the cleaning establishment. The tags of each sheet contain a common permanent secondary identification character to identify the owner of one or a number of garments, such secondary character of each sheet being different from the secondary characters of the other sheets of the pad. Simplifying further, each

sheet contains two identification characters, the secondary identification character being common only to all the tags of a single sheet of the pad while the primary identification character is common to all the sheets of the stack. In his specification, the appellant outlines an instance of practical operation of the alleged invention as follows:

"* * * the sets [strips of separable tags] are numbered consecutively, although all of the tags of all of the sets may bear the same letter or character, as for example, a number such as 2401, appearing on each tag of the set of tags assigned to the customer * * *, and a letter such as the character N * * * indicating the establishment, main or subsidiary, in which the garments are treated or from which they are distributed. In practice, a set of tags bearing the same number is assigned to each customer and one of said tags so marked is torn from the set and attached to each garment to be cleansed brought in by him, and if there should be more garments than there are tags on a set, the next succeeding set may be used."

In rejecting claim 9 as not defining an invention over the prior art, the Board of Appeals relied upon the following references: Merrill 682,102 Sept. 3, 1901; Wakefield 1,498,002 June 17, 1924; Weiss 2,096,153 Oct. 19, 1937. The primary ground of rejection was based on a combination of references, i. e., Wakefield in view of Weiss or Weiss in view of Wakefield. The board also held that the patents to Wakefield and Merrill were individually sufficient in their respective disclosures to anticipate the subject matter of the appealed claim, differing therefrom only in the identification indicia appellant applies to his sheets. In this latter respect, the board was of the opinion that patentability could not be predicated on the mere arrangement of printed matter.

Before proceeding with a discussion of the prior art of record herein, it is well to

note that the appellant, in presenting his case before us, urges that the appealed claim contains five specific elements acting in cooperative relationship to provide a new and inventive combination. Specifically, the elements of physical structure and identification indicia relied upon as being inventive in combination relate to the shape and form of the sheets of the pad, the material from which the sheets are made, the tear lines, and the primary and secondary identification characters.

■ While the appellant does not contend that there is any new element *per se* in the device in question, he does contend that the claim does not call for any particular type of identification indicia, although he asserts that such indicia, for purposes of convenience, may be printed matter as referred to in his specification. This distinction, however, is more apparent than real and we recognize that the appellant, in arguing the merits of the claimed subject matter, repeatedly has reference to the cooperative relation between the *printed* indicia and the structural features of the pad. In any event, we are of the opinion, as will now be shown, that there is an abundance of suggestion in the prior art cited herein which is sufficient to justify a denial of patentability to the combination set forth in the appealed claim.

Considering in connection therewith the rejection made out on the combination of the Weiss and Wakefield patents, it is clear that Wakefield shows a book of coupon bearing sheets bound together at one end, the coupons being separable from the book. The patent to Weiss shows a sheet of dry cleaning tags made of a material which is resistant to the deteriorating effect of washing and cleaning compounds, said sheet having a series of horizontal perforations for the purpose of separating the sheet into horizontal strips. Similarly, each strip is provided with a series of perforations transverse of its width thus forming a series of detachable tags. With regard to the printed indicia appearing thereon, the board accurately stated as follows:

"* * * Each tag carries a primary identification character 970, common to all the tags of all the strips (and this character corresponds to the character N in the example shown on Figure 1 of appellant's drawings). Each tag also carries a secondary identification character (116, 117, etc.) common to the tags of a single strip, but differing from the secondary character of all the other strips (and corresponding to characters 2401, 2402, etc. of appellant's example shown in Figure 1.) * * *"

The board stated, and we think correctly, that either Wakefield taken with Weiss or Weiss taken with Wakefield was a proper combination in anticipation of the claim in question. The tags provided in Weiss are for the purpose of identifying garments left for cleaning, the recited indicia appearing thereon acting to designate the cleaning establishment receiving the garment for cleaning by the central establishment as well as to identify the particular customer depositing such garment for cleaning. It was the board's opinion that, "to bind the strips of Weiss into a book in the manner shown in Wakefield, instead of as severable strips of a sheet as shown by Weiss, would not involve invention," and we unhesitatingly express our agreement with that conclusion.

The further rejection of appealed claim 9 was based on the theory that the subject matter defined therein did not differentiate over either Merrill or Wakefield except in the indicia applied to the tags in question, and that such distinction (asserted novelty in printed matter) is of no patentable significance, citing In re Sterling, 70 F.2d 910, 21 C.C.P.A., Patents, 1134. Appellant does not appear to dispute the soundness of the rule in that case. He does, however, vigorously attack its application to the facts of the instant case, contending that he is not claiming the mere arrangement of printed matter on a sheet of paper, but rather is claiming a new and inventive combination of physical structure to

which the said identification characters are adjusting in unique and cooperative relationship.

In affirming the board's rejection based on either Merrill or Wakefield, we are constrained to note that the physical structure set forth in the appealed claim is, or must be, admitted to be old, as being nothing more than a bound stack of strip tickets of known material, and that the sole difference capable of recognition resides in the printing or other identification media found on appellant's device. While we appreciate appellant's position with respect to the combination claimed, it is our view that, assuming the presence of novel features in the device in question, such is confined wholly to the identification characteristics hereinbefore discussed in detail, and patentable novelty cannot be principally predicated on mere printed matter and arrangements thereof (such printing being, in our opinion, the sole practical medium of identification) but must reside basically in physical structure. See In re Clark, 58 F.2d 455, 19 C.C.P.A., Patents, 1166; In re Sterling, supra; Conover v. Coe, 69 App.D.C. 144, 99 F.2d 377; and In re Rice, 132 F.2d 140, 30 C.C.P.A., Patents, 730.

Appellant urges that his alleged invention is recognized as providing means to overcome a problem long defying solution in the industry, as evidenced by wide and instantaneous commercial success. Conceding the truth thereof, and considering such factors as positive elements to be carefully weighed, we nevertheless are not persuaded that the subject matter defined in the claim on appeal is deserving of the dignity of a patent grant.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.