U. S. INDUSTRIES, INC., and Norman A. Crowder, Plaintiffs,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1186–63.

United States District Court District of Columbia.

April 30, 1964.

Willis H. Taylor, Jr., Keith E. Mullenger, New York City, Pennie, Edmonds,

Morton, Taylor & Adams, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was heard on February 18, 1964, and the Court having considered all the evidence presented, including the record in the Patent Office and the arguments of counsel, entered judgment for the defendant.

In accordance with the Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C., the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. This civil action was brought pursuant to 35 U.S.C. § 145 in which plaintiffs, respectively as assignee of and applicant in an application for patent entitled "Self-Tutoring Device", Serial No. 843,921, filed October 2, 1959, sought to have the Court authorize the defendant, Commissioner of Patents, to issue to the assignee Letters Patent of the United States containing claims 5, 6, 8, 13 and 14 of said application. No claims have been allowed and no other claims remain in said application.

2. The pertinent disclosure of plaintiffs' application is well summarized in representative claims 5 and 8, which read as follows:

"5. Apparatus for self-teaching purposes comprising: a plurality of successively arranged and viewable supports, each having an item of information thereon, said items of information having logic sequence but being in non-logic sequence on successively viewed supports, predetermined items including a question and different answer choices; and code inscriptions on the respective predetermined supports, said code inscriptions identifying, for each answer, another support bearing the next succeeding item of information in logic sequence therewith.

"8. In a book, the combination of: a plurality of pages having items of

instruction in a logical study sequence printed thereon, the items of instruction on a plurality of successive pages being scrambled so that items on adjacent pages are not in the logical study sequence, each item on said successive pages terminating in a question and different possible answers thereto, and each page having an identity code inscribed adjacent each answer identifying the page on which the next succeeding item of instruction in the logical study sequence is located."

3. All of plaintiffs' refused claims are readable on the plaintiffs' disclosed book embodiment. Plaintiffs disclose, but do not claim specifically, embodiments involving slide projectors or other visual aids.

4. Claims 5, 6, 8, 13 and 14 are readable on printed matter and structure, but fail to distinguish in structure from prior conventional books.

5. The relationship set forth in claims 5, 6, 8, 13 and 14 between printed matter and the structure of a book is not distinguishable, in a patentable sense, from such relationships commonly found in prior books having an index; in prior magazines having an article printed on non-consecutive pages carrying information such as "continued on page 46"; in prior encyclopedias wherein an article on one subject has references to related articles on other pages which in turn have references to related articles on other pages; or in the prior Classification Bulletin of the United States Patent Office, Class 260, which contains various references requiring continued reading on non-consecutive pages.

6. Claims 5, 6, 8, 13 and 14 distinguish from prior books only in the meaning or significance of the words used in the printed matter.

## CONCLUSIONS OF LAW

1. A combination including printed matter and structure wherein the features of structure are old and the relationship of the printed matter to the structure is old, so that any novelty is in the meaning or significance of the words used in the printed matter, is not patentable as a manufacture in the sense of 35 U.S.C. § 101. Boyle et al. v. Ladd, 138 U.S.P.Q. 289 (D.C.D.C.1963); Ex parte Gwinn, Jr., 112 U.S.P.Q. 439 (1955); Conover v. Coe, 69 App.D.C. 144, 99 F.2d 377 (1938), and In re Russell, 48 F.2d 668, 18 CCPA 1184 (1931).

2. Plaintiffs are not entitled to a patent containing any of claims 5, 6, 8, 13 and 14 of application Serial No. 843,921.

3. The Complaint should be dismissed.