833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Stuart OCKMAN, Appellant.
 No. 87-1336.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1987.
 
 Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), sustaining the rejection of all claims remaining in the application on the ground that they are all directed to nonpatentable subject matter (Serial No. 767,443, which is a continuation-in-part of Nos. 559,706 and 641,160), is affirmed.
 
 OPINION
 
 2
 The rejected claims are directed to plans or drawings of the type used in construction projects. The structural features shown in such drawings are illustrated with varying degrees of "boldness" by different colors, by different dashed or dotted lines, by shading, etc., with such degrees being indicative of scheduled completion time, budgetary restraints or other construction stages or factors. On viewing the drawings in comparison with the actual construction work completed at a given time, deviations from the planned schedule may readily be perceived. Some of the claims are directed to a method of making the depiction; others the depiction itself; and still others a method of using the depiction.
 
 
 3
 The Board correctly determined that all the claims should be rejected as outside the judicial construction of 35 U.S.C. Sec. 101 ("Invention patentable"). Insofar as the claims involve no more than printed matter, gathering data and forwarding information to others, those claims are non-statutory under Sec. 101. In re Miller, 418 F.2d 1392, 1396, 164 USPQ 46, 49 (CCPA 1969); In re Russell, 48 F.2d 668, 9 USPQ 181 (CCPA 1931). The claimed method of making the depiction falls under In re McKee, 64 F.2d 379, 17 USPQ 293 (CCPA 1933) (method of marking meat products), In re Rice, 132 F.2d 140, 56 USPQ 173 (CCPA 1942) (method of writing sheet music), and Kierferle v. Kingsland, 79 F.Supp. 700, 78 USPQ 60, (D.D.C.1948), aff'd, 178 F.2d 728, 83 USPQ 442 (D.C.Cir.1949) (differently colored musical notes indicating different intensities). As for the process claims, Rice held that its principles are "equally applicable to method and article claims," 132 F.2d at 141, 56 USPQ at 174.[1] The underlying principle applicable here is that, to be patentable, the claimed method invention must transform or reduce a thing or article to a different state or thing--not simply convey or display information to another person. See Diamond v. Diehr, 450 U.S. 175, 184, 192, 209 USPQ 1, 7, 10. The latter is the sole objective of all the claims at issue, including the depiction and use claims which show no functional relationship whatever to the substrate.