57 CCPA

**Application of Paul J. MILLER.**

**Patent Appeal No. 8212.**

United States Court of Customs
and Patent Appeals.

Dec. 18, 1969.

Schovee & Boston, Rochester, N. Y., attorneys of record, for appellant. John R. Schovee, Rochester, N. Y., of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, MATTHEWS, Judge, sitting by designation, and ALMOND, BALDWIN and LANE, Judges.

RICH, Acting Chief Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 10–13 of application serial No. 332,183, filed December 20, 1963, entitled "Measuring Device." Claims 9 and 14 were allowed in the Examiner's Answer.

The disclosed invention has for its purpose the solving of the domestic culinary problem of measuring the ingredients from a cookbook recipe in something other than the full recipe. While it contemplates measuring out multiple recipes, for example a double recipe, it particularly contemplates solving the greater difficulty of measuring out fractional recipes, such as $\frac{1}{3}$ or $\frac{1}{2}$. Normally this would involve the calculation of such baffling measurements as $\frac{1}{3}$ of $\frac{2}{3}$ of a cup, which it is assumed, would tax the mathematical abilities of many housewives. From the utility point of view, we will assume this to be so in the absence of any assertion by the Patent Office to the contrary. Indeed, we think we can judicially notice the fact.

While the rejection cites no references to establish prior art, we nevertheless have to take prior art into consideration because it is assumed on both sides that common kitchen measuring cups and spoons are well known. This is recognized by the specification which states:

> The required measurements of ingredients of most recipes are in terms of the common fractions of cups, tablespoons, etc., appearing on commercially available measuring cups and spoons.

The problem faced by the housewife or other cook is stated in the specification as follows:

> However, when a housewife wants to make a fractional recipe, few of the computed fractional measurements appear as graduations on commercially available measuring devices. Hence, even if the housewife is able to make the fractional or proportional computations or has a conversion chart, many of the computed measurements are only fractions of the graduations on the housewife's measuring devices. For example, even though a housewife is able to compute that $\frac{1}{3}$ of $\frac{2}{3}$ cup is $\frac{2}{9}$ cup, and $\frac{1}{2}$ of $\frac{3}{4}$ is $\frac{3}{8}$ cup, she will not find such fractional cup graduations on her measuring cup.

We do not doubt that this presents a practical problem for many housewives, and for many cooks who are not housewives.

Appellant has provided equipment—articles of manufacture, under the statute, 35 U.S.C. § 101—adapted to ameliorate the mental strain on cooks. The invention takes different forms. In the language of the claims there is, broadly, a measuring receptacle; more particularly, there is a spoon or a cup-shaped receptacle. The first element of each claim is the *receptacle.*

The second element of each claim is, as stated in the specification:

> * * * quantity measuring *indicia* on the receptacle of a selected ratio or proportion to, but different from the actual quantity measured in the receptacle by the indicia. [Emphasis ours.]

To explain, the indicia on a cup or spoon may indicate, for example, that it is measuring one cup or one tablespoon but the actual volumetric content of the receptacle, reading the indicia, in whatever form they may take, against its contents, is something different, say ⅓ cup or ⅓ tablespoon. In other words, the indicia, if taken literally and by themselves, are false.

The third element in each appealed claim is a *legend,* on the receptacle or attached to it, specifying the ratio or proportion of a full recipe which the above-mentioned false indicia actually measure in the receptacle. We do not use the term "false" in any derogatory sense; actually the false designation, coupled with the legend, serves as a computing or mathematical conversion device. A cook following a cookbook recipe and desirous of making ⅓ of the recipe merely selects measuring devices bearing the "⅓ recipe" legend, follows the recipe using these devices, and measures out what it calls for by following the indicia on the measuring receptacles. They perform the calculations automatically and require no further thought.

Figs. 2 and 3 from the drawings are illustrative:

FIG. 2 FIG. 3

[A635]

Fig. 2 shows a measuring cup having the legend "ONE HALF RECIPE." The indicia on the side wall reading upward from ¼ cup to 2 cups indicate the points at which the cup's volume is actually ½ of what the indicia state, i. e., filled to "2 CUPS" the actual volume is one cup. Similarly in Fig. 3, the famil-

iar set of measuring spoons has been altered in accordance with the invention so that, for example, the spoon 21 to the left bearing the indicia "1 TEASPOON" on its handle actually measures, in accordance with the legend 25, a half teaspoon.

Claim 10 illustrative of the rejected claims (emphasis ours):

> 10. A measuring device comprising: a *spoon* for measuring ingredients; and volume measuring *indicia* defined in a normal volumetric unit on said spoon of a selected ratio to but indicating a volume different from the actual volume of ingredients being added to and measured in said spoon by said indicia, and a *legend* attached to said spoon specifying said ratio.

In his Answer, the examiner stated that no references were relied on. (Up to that point, it appears that his rejections had been based entirely on prior-art patents.) The rejection by the examiner which the board affirmed, and which is before us for review, was as follows:

> Claims 10–13, which recite the combination of a measuring vessel having printed thereon (1) *indicia* specifying a given volume and (2) a *legend* specifying the ratio of this given volume to the actual volume that the vessel is capable of holding, are rejected as defining over any ordinary measuring vessel only by the addition of unpatentable printed matter. In this instance the claimed indicia and legend, being merely placed on the claimed structure in any desired location and manner, do not produce the required cooperative structural relationship necessary before the printed matter can be given patentable weight. It is believed to be well settled that patentable weight can be given printed matter only when a novel relationship exists between said printed matter and the claimed structure.

No authorities were cited by the examiner in his Answer, to support what he said was well-settled law or otherwise. We consider the examiner's rejection unsound logically, if not self-defeating, and we reverse.

It is noted, first, that the examiner recognizes the invention of the appealed claims for what it is, namely, a combination of three elements constituting a "manufacture" 35 U.S.C. § 101. There is no assertion that the *claimed* invention is non-statutory subject matter.

It is noted, next, that the rejection appears to be based either on 35 U.S.C. §§ 103 or 112 by reason of the statement that it "[defines] over any ordinary measuring vessel only" in a certain respect. The statutory basis is not specified. Thus an "ordinary measuring vessel" is assumed prior art, notwithstanding no references are relied on. The respect in which the appealed claims admittedly *do* "define over" such prior art is in their recitations of the "indicia" and the "legend," two of the three elements of each rejected claim, as clearly recognized by the examiner. While the examiner was quite willing to consider such elements as proper parts of the "structure" and in "a definite structural relationship with the wall of the measuring vessel" when, as in the allowed claims, they were required to be in "a specific location," he would give them no weight at all, apparently, when the location was not specified or necessarily restricted. He said, and we repeat (our emphasis):

> In this instance the claimed indicia and legend, being *merely placed on* the claimed structure [meaning the vessel] *in any desired location and manner*, do not produce the required cooperative *structural* relationship necessary before the printed matter can be given patentable weight.

We do not see why this is so and the examiner does not tell us.[1] We do not

---

1. The examiner did not care, apparently, where the *legend* was for in allowed claims 9 and 14 the legends were merely recited as "on said receptacle." But he did think the volumetric *indicia*, such as the "2 CUPS" scale on Fig. 2, supra, should have a *specific* relation to the receptacle other than merely being "on" it.

**1396**

see that "structural" relationship—whatever that means—is required to obtain the practical, problem-solving results of appellant's invention. In fact, it is apparent that such restrictions as the examiner insists on would deprive the Fig. 3 embodiment of the invention of protection. Further, as the solicitor pointed out at the argument, if all of the indicia of the Fig. 2 cup except the "ONE HALF RECIPE" legend and the "2 CUPS" indicia were removed from Fig. 2, one would then have the subject matter of the appealed claims; yet, that subject matter would not be protected by the allowed claims.

 It seems to us that what is significant here is not structural but *functional* relationship and that it is of no moment with respect to measuring devices such as the spoons, where the volume is measured *by filling the receptacle to its brim,* which could also be true of a cup, in what position on or relation to the receptacle the indicia and legend are placed. Claims 10–12 call for the indicia being "on" and the legend being "attached to" the receptacle. Claim 13 specifies that the indicia and the legend are both "on" the "cup-shaped receptacle." This specifies the required functional relationship to carry out appellant's invention and clearly defines the disclosed invention as required by section 112.

 As for the examiner's characterization of the indicia and legend as "unpatentable printed matter," we note that the examiner himself recognizes the fact that printed matter, in an article of manufacture claim, *can* be given "patentable weight." He did so in allowing claims. His characterization of printed matter as "unpatentable" is beside the point; no attempt is here being made to patent printed matter as such. The fact that printed matter *by itself* is not patentable subject matter, because nonstatutory, is no reason for ignoring it when the claim is directed to a combination. Here there is a new and unobvious functional relationship between a measuring *receptacle,* volumetric *indicia* there-

on indicating volume in a certain ratio to actual volume, and a *legend* indicating the ratio, and in our judgment the appealed claims properly define this relationship. No question as to the novelty or unobviousness of the invention as claimed is before us except with relation to an "ordinary measuring vessel." By implication, the examiner admits that no such combination exists in or would be obvious from an ordinary measuring vessel and we therefore deem sections 102 and 103 to be satisfied.

The solicitor seeks some support for sustaining the rejection in In re Sterling, 70 F.2d 910, 21 CCPA 1134, but we find none therein. As we pointed out in In re Jones, 373 F.2d 1007, 54 CCPA 1218, also cited by the solicitor, the *Sterling* claims were held unpatentable over prior art references. The solicitor seems to urge that we *ignore* the claim limitations to the indicia and legends because they are printed and because printed matter is not patentable subject matter by itself. For reasons indicated above, we reject that argument.

The decision of the board affirming the rejection of claims 10–13 is reversed.

Reversed.