59 CCPA

**Application of George CAVRICH.**

**Patent Appeal No. 8552.**

United States Court of Customs and Patent Appeals.

Dec. 16, 1971.

Rehearing Denied Feb. 24, 1972.

Richard L. Cannaday, New York City, attorney of record, for appellant; James W. Dent, Washington, D. C., of· counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; R. E. Martin, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1 through 13 of application serial No. 495,522, filed October 13, 1965, entitled "Pattern Drafting and Grading Chart." No claims stand allowed. We affirm the board's decision.

The disclosed invention relates to a chart for drafting and grading patterns used in the manufacture of wearing apparel. Grading connotes the production of a new pattern of the same general shape as an original pattern but of a desired size smaller or larger than the original. A pattern is made up of a number of outlines of the various portions of the garment to be manufactured. Fig. 2 of the application drawings is reproduced below and represents

a plan view of a garment front pattern positioned on appellant's pattern drafting and grading chart for grading the pattern.

Fig. 2

[A4557]

INVENTOR
GEORGE CAVRICH

The appellant's grading chart comprises a flat base material 10 having an arrangement of lines printed, embossed, engraved, photographically or otherwise suitably marked thereon. Application claims 1–6 recite the arrangement of lines. Claims 7–13 recite a chart comprising a base having a grid imposed thereon, the grid being defined in terms of lines having certain relationships. Claim 9 recites that the base material is flexible, and claims 10–12 specify a color contrast between alternate lines of the chart. Claim 1 is typical and reads as follows:

1. In a chart for drafting and grading patterns the improvement which comprises (1) a plurality of primary vertical lines each of determinate, a [sic] significant, and essentially identical width and having determinate and essentially identical spacing from either side thereof to the corresponding side of either primary vertical line immediately adjacent thereto, said determinate spacing being greater than said determinate width, (2) a plurality of primary horizontal lines intersecting said primary vertical lines, and each of determinate, significant and essentially identical width and having determinate and essentially identical spacing from either side thereof to the corresponding side of either primary horizontal line immediately adjacent thereto, said determinate spacing of said primary horizontal lines being greater than said determinate width thereof (3) a given plurality of secondary vertical lines intermediate each pair of adjacent primary vertical lines, said secondary vertical lines being each of insignificant width and each having determinate and essentially identical spacing from either secondary vertical line im-

mediately adjacent thereto, said secondary vertical lines immediately adjacent said primary vertical lines of said pair of lines having essentially said same spacing from one pair of corresponding sides of said lines of said pair of primary vertical lines, and (4) a given plurality of secondary horizontal lines intermediate each pair of adjacent primary horizontal lines and intersecting said secondary vertical lines, said secondary horizontal lines being [sic] each having determinate and essentially identical spacing from either secondary horizontal line immediately adjacent thereto, said secondary horizontal lines immediately adjacent said primary horizontal lines of said pair of lines having essentially said same spacing from one pair of corresponding sides of said lines of said pair of primary horizontal lines.

The board sustained "the rejection [of all claims] under 35 U.S.C. 103 in view of Kravitz [1] on the ground that the only distinction over Kravitz is in the printed matter itself." The board did not sustain the examiner's final rejection of all claims under 35 U.S.C. § 102 as being anticipated by Kravitz, and did not sustain the examiner's rejection of claims 1 through 6 as being drawn entirely to printed matter. The examiner did not rely on section 103, but the board rested its affirmance of the examiner's decision on that section. Although a new ground of rejection was apparently made, appellant neither requested reconsideration nor attempted to avail himself of the rights provided by Rule 196(b) of the Patent Office Rules of Practice. Indeed, appellant does not now assert any disability due to the action of the board and responds to the new rejection in his main and reply briefs. The sole issue before us, therefore, is the rejection of the claims as obvious from Kravitz under 35 U.S.C. § 103.

Kravitz discloses a pattern drafting and grading chart consisting of a sheet of relatively heavy paper 10 on which a plurality of basic, horizontal lines 11 and a plurality of basic, vertical lines 12 are imprinted as shown in Fig. 1 of the Kravitz patent reproduced below. The illustrated Kravitz chart includes a pattern A drafted thereon.

*Fig 1* KRAVITZ

[A4558]

The lines imprinted on the Kravitz chart are spaced full lines 12, broken lines 13 and dotted lines 14 to readily identify the lines and to prevent error when shifting the pattern during grading. The Kravitz specification discloses

1. Kravitz patent No. 2,068,684, issued January 26, 1937.

that the distance between lines is equal to the difference between one pattern size and the next, and discloses that the lines may be printed in various contrasting colors. Kravitz states that a pattern is first placed on his grading chart with the basic lines of both the pattern and the chart coinciding. To prepare a pattern in the next larger size, the pattern is moved up one line so that the basic line of the pattern coincides with the line above the basic line of the chart. A line is then drawn on the chart to indicate the upper edge of the new pattern. The pattern is then shifted one line to the left, one line to the right, and one line down to permit drawing the full enlarged patterns on chart 10. Patterns may be produced in larger or smaller sizes by similar steps.

The lines imprinted on appellant's grading chart illustrated above are solid lines of a definite width and are spaced definite distances apart. The pattern 14 does not have groups of parallel lines imprinted thereon as provided on the Kravitz pattern A, but the general steps for grading are similar in that appellant aligns the center front edge of pattern 14 with a horizontal line on the chart 10 and then shifts the pattern upward one line before outlining a portion of the pattern on the chart. Appellant discloses that a pattern with various areas such as center front, lapel, neck line, shoulder, etc., marked thereon may be graded to increase or decrease selected areas desired amounts.

None of the claims in issue recite the type of pattern illustrated nor do they recite a method of grading patterns. Each claim is directed to a chart for drafting and grading patterns in terms of the plurality of spaced lines on the chart. These claims are not drawn entirely to printed matter. Since the printed matter rejection was reversed by the board, it is not now an issue before the court. We conclude that the distinctions between the groups of spaced lines recited in the appealed claims and the groups of spaced lines disclosed in the Kravitz patent are of minor importance,

and that the modifications would have been obvious to one of ordinary skill in the pattern drafting art. Making the Kravitz basic solid lines of determinate, significant and essentially identical width does not alter the results obtainable in using the Kravitz grading chart. We find nothing in the record before us to indicate that modifying the character of the spaced lines would not have been obvious and are not persuaded by appellant's arguments of patentable distinction over Kravitz. Unlike the situation in In re Miller, 57 CCPA 809, 418 F.2d 1392 (1969), where no issue of obviousness was raised in the Patent Office, we here have a rejection that the subject matter claimed is obvious, and appellant has argued the appeal on that basis. The rejection of claims 1–13 inclusive under 35 U.S.C. § 103 is affirmed.

Affirmed.