107 F.3d 30
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Bruce LEVIN
 No. 96-1180.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1997.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 Decision
 RICH, Circuit Judge.
 
 
 1
 Bruce Levin (Appellant) appeals from decisions of the Board of Patent Appeals and Interferences (Board) affirming an examiner's rejections of claims 17 and 21 under 35 U.S.C. § 101 as being directed to non-statutory subject matter, i.e. printed matter, and under 35 U.S.C. § 103 as obvious from prior art identified in the specification of U.S. Patent Application No. 07/799,692 ('692 application), taken with U.S. Patent No. 4,637,061 (Riese patent), further in view of U.S. Patent No. 3,513,320 (Weldon patent), U.S. Patent No. 3,596,388 (Shorten patent), and U.S. Patent No. 4,161,362 (Blake patent). We affirm.
 
 Discussion
 
 2
 The two claims at issue in this appeal[1] involve methods for humans, by a quick visual inspection, to determine the expiration date of items using color codes to identify the year and intra-year time of expiration. Claims 17 and 21 at issue in this case are as follows.
 
 
 3
 17. The process of visually identifying to monitoring personnel by a human readable color code uniquely signifying the expiration date of an item having a limited life comprising the steps of:
 
 
 4
 a. providing a container for the item;
 
 
 5
 b. establishing a relationship between a first human distinguishable color and a year of expiration of the life of the item;
 
 
 6
 c. establishing a relationship between a second human distinguishable color and an intra-year time period of expiration of the life of the item;
 
 
 7
 d. establishing a first human visually distinguishable color zone which corresponds to the first human distinguishable color;
 
 
 8
 e. establishing a second human visually distinguishable color zone which corresponds to the second human distinguishable color;
 
 
 9
 f. establishing the first and second human visually distinguishable color zones on the container whereby a human can effectively determine the expiration date of the life of the item based only upon a quick visual inspection of the color coded zones.
 
 
 10
 21. A coding system for visually displaying in human readable form a color code uniquely signifying the expiration date of each of a plurality of pharmaceutical products having a limited life comprising a corresponding plurality of bases each being attached to one of the plurality of pharmaceutical products, each base having first and second human visually distinguishable color zones, the first color zone exhibiting a human distinguishable color uniquely denoting the least significant digit of an expiration year of the life of the pharmaceutical product, and the second color zone exhibiting a human distinguishable color denoting an expiration time within the expiration year of the life of the pharmaceutical product whereby a human can effectively determine the expiration date of one or more of the plurality of pharmaceutical products based upon a quick simultaneously visual inspection of the plurality of pharmaceutical products.
 
 
 11
 The Board, in its decision of November 29, 1994 and its decision on reconsideration of September 29, 1995, maintained the rejection of claims 17 and 21 as being directed to non-statutory subject matter within 35 U.S.C. § 101, namely printed matter, and as obvious in view of four prior art patents and admissions concerning prior art in the '692 application. The Board maintained that no functional relationship as required by 35 U.S.C. § 101 existed between the printed matter, the color coding indicia, of the claims at issue and the item of attachment such as a container or a pharmaceutical product. The Board concluded that a previous case, In re Miller, 418 F.2d 1392, 164 USPQ 46 (CCPA 1969), which involved a measuring cup that was marked in such a way as to half recipes for the user, was instructive.
 
 
 12
 In assessing the factual underpinnings of the In re Miller decision, the Board found three required elements to establish the requisite functional relationship between printed matter and the underlying structural item to render it statutory subject matter: a measuring receptacle or vessel, indicia on the vessel specifying a selected volume ratio or proportion, and a legend on the receptacle or attached to it specifying said ratio. A functional relationship involving the conveyance of the expiration date of an item, the Board concluded, was not akin to the unique type of physical or volumetric relationship as found in In re Miller. The Board found this conclusion buttressed by our decision in In re Gulack, 703 F.2d 1381, 217 USPQ 401 (Fed.Cir.1983).
 
 
 13
 We find, however, that In re Miller is not limited to the specific facts of the case involving the three claimed elements listed above. The only requirement that 35 U.S.C. § 101 imposes as set forth in In re Miller is that a new and unobvious functional relationship must exist between the claimed combination of printed matter and other claimed elements. 418 F.2d at 1396, 164 USPQ at 49. For instance, as we stated in In re Gulack, "the critical question is whether there exists any new and unobvious functional relationship between the printed matter and the substrate." 703 F.2d at 1386, 217 USPQ at 404. We hold that the relationship between the expiration date indicia on the container or pharmaceutical product is a functional relationship. The color coded expiration date indicia provides information about the substrate or what is contained in the substrate. We do not find, however, that the functional relationship is unobvious.
 
 
 14
 In the two opinions of the Board, the Board found that claims 17 and 21 were obvious from appellant's identification of the prior art taken with the Riese patent, further in view of the Blake patent, the Shorten patent, and the Weldon patent. Specifically, the Board found that appellant admitted in the '692 application that the expiration date of a pharmaceutical, either directly or through alphanumeric codes, was well-known to have been placed upon containers of pharmaceutical products. The four additional references cited by the Board provided further teachings that it found rendered appellant's invention obvious.
 
 
 15
 The Board found that the Riese patent involves a sample collection container for the medical field where color coded information regarding an expiration date of a sample was placed in human readable form on a label on the container. Obviously, the Board concluded, such an indication of expiration date could be used on other patient care items including pharmaceuticals to promote safety. According to the Board, the Blake patent provided the teaching that plural colors may be used to indicate months, quarters or years, and for safety purposes. This use of human readable colors to identify a quarter of a year would have suggested to the skilled artisan in the Board's view the use of seasonal colors. The Board found that the Shorten patent teaches human readable, quick picture, color coding schemes where various color coded tags indicate the inventory status and warn that an item may have been in stock too long. These termination dates, the Board reasoned, would have been clearly analogous to the claimed expiration dates. Finally, the Weldon patent, the Board found, shows concentric color bands placed on various substrates for a machine readable system. The Board found that these color coding schemes would be visible by humans as well.
 
 The Board concluded that:
 
 16
 Taken in conjunction with appellant's own assessment of the prior art, the above-identified references present a comprehensive collection of teachings relating to color codings of items, documents and/or containers of such items or documents for various purposes including time periods, seasons, pull or expiration or overdue-type dates. Collectively taken then, the teachings would have suggested to the artisan the usage on pharmaceuticals and/or containers thereof as noted in appellant's discussion of the prior art, which also notes that numeric indicia of expiration dates was well-known, and to do so in a color coding scheme as taught by the majority of the other references for purposes of safety, also identified in Riese and Blake, which is a well-known requirement in the pharmaceutical business anyway.
 
 
 17
 Ex parte Bruce Levin, Appeal No. 94-2463 (BPAI Nov. 29, 1994).
 
 
 18
 Appellant attacks the Board's prima facie case of obviousness as well as whether the teachings in the prior art are sufficient to render appellant's claimed invention obvious. Appellant argues that the Board uses an improper hindsight approach to make its obviousness rejection.
 
 
 19
 We review the ultimate legal question of obviousness under a de novo standard of review. Irrespective of the assertions of the United States Patent and Trademark Office (PTO), however, "[t]he law of this circuit is clear: PTO factual determinations are reviewed under the 'clearly erroneous' standard." In re Kemps, 97 F.3d 1427, 1430, 40 USPQ2d 1309, 1312 (Fed.Cir.1996). The types of factual determinations reviewed under a clearly erroneous standard are the teachings of a reference and whether that teaching points toward or away from the claimed invention. In re Bell, 991 F.2d 781, 784, 26 USPQ2d 1529, 1531 (Fed.Cir.1993). We find that the factual underpinnings of the obviousness rejection are not clearly erroneous, and we also agree with the ultimate conclusion that the claimed invention is obvious to one or ordinary skill in the art.
 
 
 20
 Claim 17 of appellant's application involves using two color zones: a first human distinguishable color zone denoting the expiration year of an item, and a second human distinguishable color zone showing an expiration time within the expiration year of an item. Claim 21, which is more specific, teaches two color zones attached to a pharmaceutical product, wherein the first color zone stands for the least significant digit of the expiration year, and the second color zone shows a particular time within the expiration year.
 
 
 21
 Appellant admits in his application that almost all manufacturers date their products either directly or through alphanumeric codes placed on the packaging. Also, appellant admits that color is used by pharmaceutical manufacturers on pills to indicate either the source of the drug or what type of drug it is. Therefore, the medical field is well acquainted with the use of color to transmit information about a product. The four references cited by the Board provide additional teachings to render appellant's use of two color zones to indicate an expiration date of a product obvious.
 
 
 22
 For instance, the Riese patent that specifically deals with the medical field describes labeling a specimen container with such information as the expiration date of the solution. Specifically in column 5, lines 14-16, the Riese patent points out that "[c]ertain information may be color coded to avoid errors. For example, the label may contain color printing to distinguish the solution...." Contrary to appellant's argument, one of ordinary skill in the art in reading this reference would understand that color coding could be used for any information on the label including the expiration date of the solution.
 
 
 23
 The Weldon patent adds the additional teaching that a plurality of colors can be used to convey information about an item. Although, as appellant points out, some of the hues may not be visible to the human eye and the invention relates to an automated system to extract the information from the color codes, nothing in the reference teaches away from the use of human distinguishable colors and a visual inspection of such color coded information. One of ordinary skill in the art could discern from the teachings of the Weldon patent that a less sophisticated method of visual inspection of the color coded information as exhibited in a plurality of colors may be utilized.
 
 
 24
 The Shorten patent teaches the use of an information color system where there is an immediately readable visual display showing critical information such as the location, arrival, and departure of inventory. The Shorten patent, in column 2, lines 23-28, also advocates the use of a plurality of colors to indicate the length of time the inventory has been on hand. In a particular example of the system in column 6, lines 27-30, Shorten describes the use of a red label tag as a warning that a particular item has been retained to long. Although the Shorten patent specifically mentions as an application of its invention monitoring inventory in a used car lot, the benefits of its teachings have a broader focus that would indicate to one of skill in the art its use in other fields such as medicine.
 
 
 25
 Finally, the Blake patent teaches the color coding of documents for such information as data codes to indicate a particular month, quarter, or year. Therefore, Blake adds the teaching of indicating the expiration of an item within the expiration year.
 
 
 26
 Based on the teachings of the above-described prior art, appellant's two color system to indicate the expiration date of an item within a particular year is obvious. We affirm the Board's holding that the appellant's claimed invention is obvious.
 
 
 
 [1]
 Although the Board's November 29, 1994 opinion addresses the patentability of claims 1 to 11, 13, and 15-21, in appellant's motion for reconsideration, he expressly withdrew all but claims 17 and 21. Only claims 17 and 21 remain on appeal